O
JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER ANTHONY CONCEPCION SANTOS,<br><br>        Petitioner,<br><br>        v.<br><br>FELICIA PONCE, Warden,<br><br>        Respondent. | Case No. 2:20-cv-05050-PSG-KES<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE |

## I.

## BACKGROUND

In June 2020, Peter Anthony Concepcion Santos ("Petitioner") filed a habeas petition under 28 U.S.C. § 2241 challenging his expulsion from the federal Bureau of Prison's Residential Drug Abuse Program and alleging discrimination on the basis of national origin. (Dkt. 1 ["Petition"].) In July 2020, Respondent moved to dismiss the Petition for lack of jurisdiction. (Dkt. 6.) Petitioner's response to the motion was due on or before August 5, 2020 (Dkt. 3 at 3 ¶ 4), and he failed to file one.

On August 27, 2020, the Court ordered Respondent to address certain issues in a supplemental brief in support of the motion. (Dkt. 7.) On September 11, 2020, the copy of this order that the Court sent to Petitioner was returned as undeliverable. (Dkt. 8.) On September 16, 2020, Respondent filed the supplemental brief. (Dkt. 9.)

Respondent argues that the Petition is now moot because, on September 3, 2020, Petitioner was released from prison and transferred to home confinement in Guam. (Dkt. 9 at 6; Dkt. 9-2 at 3 ¶ 7.) As of the date of this order, the Court has not received an updated mailing address from Petitioner.

## II.
## DISCUSSION

### A. Legal Standard

A district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).

Central District of California Local Rule 41-1 provides, "Civil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution."[1] Local Rule 41-6 provides:

> A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such

---

[1] The Local Rules of the U.S. District Court for the Central District of California are available online at: https://www.cacd.uscourts.gov/court-procedures/local-rules.

2

plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, the Ninth Circuit has instructed district courts to consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006). The test is not "mechanical," but provides a "non-exhaustive list of things" to "think about." Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

**B.    Analysis**

Here, the first two factors favor dismissal. The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

The second factor—the Court's need to manage its docket—favors dismissal here because Petitioner's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court." Id. (internal quotations marks omitted).

The third factor—prejudice to Respondent—favors dismissal. A rebuttable presumption of prejudice to the respondent arises when a petitioner unreasonably delays prosecution of an action, In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994), and unnecessary delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor—availability of less drastic sanctions—favors dismissal.

After Petitioner missed the initial deadline to respond to the motion to dismiss, the Court directed Respondent to file supplemental briefing and gave Petitioner an opportunity to respond to that briefing. (Dkt. 7, 10.) The Court warned Petitioner that failure to respond and/or update his mailing address might result in a dismissal for lack of prosecution. (Dkt. 10 at 2.) See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) ("a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement") (citation omitted).

The fifth factor—public policy favoring a disposition of an action on its merits—arguably weighs against dismissal here. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, the effect of this factor is somewhat mitigated by the fact that Petitioner already appears to have been granted the main form of relief sought in the Petition. (See Dkt. 1 at 9 [seeking "immediate release and return to Guam"]; Dkt. 9-1 at 4-5 [Respondent's supplemental brief in support of motion to dismiss, arguing the Petition is moot because Petitioner has been released to home confinement in Guam].)[2]

Given that the enumerated factors largely support dismissal, this action will be dismissed pursuant to Rule 41(b) and Local Rule 41-1. The Court has discretion to dismiss an action under Rule 41(b) with or without prejudice. See Fed. R. Civ. P. 41(b) ("[u]nless the dismissal order states otherwise," a dismissal pursuant to Federal Rule of Civil Procedure 41(b) operates as an adjudication on the merits absent exceptions that are not relevant here); Local Rule 41-2 ("[u]nless the Court provides otherwise, any dismissal pursuant to [Local Rule] 41-1 shall be without prejudice"); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996).

---

[2] Because the Court is dismissing due to lack of prosecution, it makes no findings as to whether the Petition is moot or Petitioner could have sought other forms of relief.

Considering all of the circumstances, the action will be dismissed in its entirety without prejudice.

### III.
### CONCLUSION

IT IS THEREFORE ORDERED that Judgment will be entered dismissing this action without prejudice for failure to prosecute.

DATED: __02-05-2021_____     _____
PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN E. SCOTT
United States Magistrate Judge

5